## IN RE NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### MDL No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 24, 1996.

Chris Parks of Parker and Parks, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Alberquerque, NM, for Plaintiff.

John W. Vardaman, F. Lane Heard III, Steve Farina of Williams & Connolly, Washington DC, Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for Defendant.

*ORDER GRANTING DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH ORDER REGARDING DISCOVERY FOR BELLWETHER TRIALS*

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Compel Compliance with Order Regarding Discovery for Bellwether Trials,[1] filed on November 26, 1996. Plaintiffs filed a response on December 16, 1996. Defendants filed a reply on December 17,

---

**1.** Court Order of October 22, 1996.

1996. Upon consideration of the motion, response, and reply, the court is of the opinion that Defendants' motion should be GRANTED.

Plaintiffs' counsel, Mr. Frank Herrera and Mr. Stephen E. Harrison, II, are both bound by this court's Order Regarding Discovery for Bellwether Trials, dated October 22, 1996. Mr. Herrera is subject to the orders of this court in MDL 1038 by reason of three cases in which he is counsel of record.[2] Mr. Harrison is bound by the October 22nd Order because he is an attorney to whom confidential documents have been disclosed which required that he sign "a form containing . . . a statement that the signatory consents to the exercise of personal jurisdiction by this court."[3] The court agrees that Judge Tanner is fully authorized to resolve the issue of confidentiality for the purposes of the state Norplant cases pending before her. Should she grant Plaintiffs' motion to lift the confidentiality protection for these 219 documents and find that Plaintiffs are not under any obligation imposed by state law to treat them as confidential, Messrs. Herrera and Harrison are nevertheless bound by this court's order regarding confidential treatment of the 219 deposition exhibits, as well as the Order Limiting Communication with the Media of November 12, 1996.

It is, therefore, hereby ORDERED that Mr. Frank Herrera and the Law Offices of Frank Herrera, as well as Mr. Steve Harrison, II, and the law firm of Cherry, Davis, Harrison, Montez, Williams & Baird, P.C., be admonished that they are prohibited from disclosing the 219 deposition exhibits except as permitted by the court's Confidentiality Order of February 22, 1995. Messrs. Herrera and Harrison are admonished that they are bound by the Order Regarding Discovery for Bellwether Trials, dated October 22, 1996, and the Order Limiting Communication with the Media, dated November 12, 1996. Further, lead Plaintiffs' counsel for MDL 1038 shall submit on or before January 10, 1997, the forms referred to in paragraph 2(c) of the Confidentiality Order, signed by Messrs. Herrera and Harrison.

---

2. The three cases are: *Bocanegra v. American Home Products Corp., et al.*, 95–CV–5061, *Ozuna v. American Home Products Corp., et al.*, 95–CV–5062, and *Dominguez v. American Home Products Corp., et al.*, 95–CV–5053.

3. Confidentiality Order ¶ 2(c)(3) (February 22, 1995).